IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 1:16-po-504-SRW |
| | ) | |
| JULIO S. FLORES | ) | |

## **ORDER**

This case is before the court on a Central Violations Bureau ("CVB") notice[1] served on defendant Julio Flores, charging him with a violation of Ala. Code §32-5A-171,[2] a petty offense. The violation allegedly occurred at Fort Rucker, a U.S. Army post located mostly in Dale County, Alabama, on September 1, 2016. According to the notice, Flores was charged by Officer Howell with "speed 33/20 mph zon[e]." Defendant failed to appear before the undersigned on November 15, 2016, to answer the charge against him, and the government moved for an arrest warrant.

The CVB notice includes a section on the back entitled "Statement of Probable Cause (For issuance of arrest warrant or summons)." The ticketing officer ordinarily fills out this section and signs it, declaring under penalty of perjury "that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge." Below the statement of probable cause and officer's signature is a space for the signature of the presiding

---

[1] The violation number is 6258543.
[2] This code section provides, *inter alia*, that "[n]o person shall operate a vehicle in excess of 30 miles per hour in any urban district." Ala. Code § 32-5A-171(1). It also indicates that "[t]he maximum speed limits set forth in this section may be altered as authorized in Sections 32-5A-172 and 32-5A-173." Ala. Code § 32-5A-171(7). Under § 32-5A-172, the Director of Public Safety and the Director of Transportation, with the approval of the Governor, may, under certain circumstances, declare a different maximum limit, which shall be effective when appropriate signs giving notice thereof are erected. Ala. Code § 32-5A-172. A violation of a speed limit on a federal military installation which would be punishable if committed within the jurisdiction of the state in which the installation is situated constitutes a federal offense under the Assimilative Crimes Act. 18 U.S.C. § 13.

U.S. Magistrate Judge. The judge signs and dates the notice if he or she determines that probable cause has been stated for the issuance of a warrant.

Fed. R. Crim. P. 58(b)(1) provides that the prosecution of a petty offense may "proceed on a citation or violation notice." Fed. R. Crim. P. 58(b)(1). As another district court in this state has noted, "Rule 58 … indicates that the charging document for a petty offense need not meet all formal requirements that must be present for the issuance of an indictment, information, or complaint. However, Rule 58 also indicates that the notice of violation must show 'probable cause to believe that an offense has been committed and that the defendant has committed it ... made under oath or under penalty of perjury.'" Sutton v. United States, 2016 WL 1459049, at *1 (N.D. Ala. 2016) (citing Fed. R. Crim. P. 58(d)(3)).

"It is black letter law that a charging document, like a complaint or CVB notice, must set forth sufficient verified facts to support a judicial finding that probable cause exists to believe a crime has been committed and the defendant committed it." United States v. Thomas, 2013 WL 5783408, at *1 (D. Ariz. 2013) (citing the Warrant Clause of the Fourth Amendment; U.S. Const. amend. IV; and Rules 4, 5, 9(a) and 58(d)(3), Fed.R.Crim.P.). "If probable cause does not exist, the complaint or CVB notice must be dismissed." Id. (citing United States v. Hicks, 2009 WL 256419 (D. Mont. 2009) (because the violation notice did not set forth facts constituting an offense, the violation notice was dismissed)).

In the instant case, Officer Howell's statement of probable cause on the back of the CVB notice reads, in its entirety, as follows:[3]

> I state that on <u>1 Sep 2016</u>, while exercising my duties as a
> law enforcement officer in the <u>Midde</u> [sic] District of <u>Alabama</u>
> - <u>unmarked traffic car</u>
> - <u>same drecton</u> [sic]
> - <u>traviling</u> [sic] <u>North</u>

---

[3] The handwritten portions are underlined.

- <u>polite</u>

"The purpose of a CVB notice, like a complaint, is to enable a magistrate judge 'to determine whether the "probable cause" required to support a warrant [or summons] exists.'" <u>Thomas</u>, 2013 WL 5783408, at *1 (citing <u>Giordenello v. United States</u>, 357 U.S. 480, 485–86 (1958) (stating the rules of criminal procedure "must be read in light of the constitutional requirements they implement")). The facts upon which the magistrate judge bases his or her probable cause determination "must appear within the four corners" of the charging document. <u>Thomas</u>, 2013 WL 5783408, at *2 (citing <u>United States v. Rubio</u>, 727 F.2d 786, 795 (9th Cir.1983). In addition, the CVB notice serves as notice to a defendant of the charge against him or her.

In this case, Officer Howell's statement of probable cause is patently insufficient. A CVB notice is a formal charging document of the federal court; it is styled on its face as a "United States District Court Violation Notice." Howell's "statement" on the notice is unprofessional, and reflects poorly on both his office and the court – it consists of little more than a scant, impressionistic scrawl of misspelled personal notes. Further, the statement clearly fails to set forth sufficient verified facts within the four corners of the CVB notice to support a judicial finding that probable cause exists to believe that a crime has been committed and the defendant committed it.

Based on the foregoing, it is

**ORDERED** that Violation Notice No. 6258543 is **DISMISSED** for lack of probable cause.

DONE, on this the 23rd day of December, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge